IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| FX NETWORKS, LLC, TWENTIETH | § | |
| CENTURY FOX FILM CORPORATION, and | § | |
| TWENTY-FIRST CENTURY FOX, INC., | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## COMPLAINT

Exxon Mobil Corporation ("ExxonMobil") files this Complaint against FX Networks, LLC, Twentieth Century Fox Film Corporation, and Twenty-First Century Fox, Inc. ("Defendants"), alleging as follows based on knowledge, information and belief:

## PARTIES

1.     Plaintiff Exxon Mobil Corporation is a New Jersey corporation having its principal place of business at 5959 Las Colinas Boulevard, Irving, Texas 75039.

2.     Defendant FX Networks, LLC is a Delaware limited liability company with a business address of 10201 West Pico Boulevard, Los Angeles, California 90035.

3.     Defendant Twentieth Century Fox Film Corporation is a Delaware corporation with a business address of 10201 West Pico Boulevard, Los Angeles, California 90035.

4.     Defendant Twenty-First Century Fox, Inc. is a Delaware corporation with a business address of 1211 Avenue of the Americas, New York, New York 10036.

## NATURE OF ACTION AND JURISDICTION

5.     This is an action for trademark infringement, dilution, unfair competition, unjust enrichment, and refusal of registration, under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and the laws of the State of Texas.

6.     This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code §§ 1331 and 1338, and supplemental jurisdiction over ExxonMobil's claims under state law pursuant to 28 U.S.C. § 1367(a).

7.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

8.     Defendants do business in this District and a substantial part of the events giving rise to the acts complained of herein occurred in this District.  Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).


## FACTS

### I.     ExxonMobil's Trademarks

9.     ExxonMobil, along with its predecessors and affiliates, is the world's largest publicly traded international oil and gas company.

10.     Since at least as early as 1971, ExxonMobil has continuously used the mark EXXON in a design form in which the X's are represented as an interlocking X design, such as in the famous EXXON Emblem, shown in, *inter alia*, U.S. Reg. No. 968,512 and the mark EXXON (Stylized), shown in, *inter alia*, U.S. Reg. No. 3,736,429. These design marks are shown below.

 

11.     Since at least as early as 1987, ExxonMobil has also continuously used the Interlocking X Device as a stand-alone mark to promote its sale of motor fuels and other products and services, as shown in, *inter alia*, Reg. No. 2,305,494 and below.



12.     Since at least as early as 2000, ExxonMobil has continuously used the mark and trade name "ExxonMobil" in a design form that incorporates the Interlocking X Device as shown in, *inter alia*, Reg. No. 2,791,743 and below.

# ExxonMobil

ExxonMobil's interlocking X marks, including the Exxon Emblem, Interlocking X Device, and ExxonMobil logo identified in paragraphs 10-12 herein, are hereinafter collectively referred to as ExxonMobil's "EIX Marks."

13.     ExxonMobil has used its EIX Marks in connection with the sale and promotion of gasoline, motor oil, other petroleum products, chemical products, and various services.

14.     ExxonMobil's EIX Marks constitute a family of marks.  Many of ExxonMobil's EIX Marks are used and promoted together, and are used on or in connection with related or complementary goods and services.  When used with such goods and services, relevant consumers recognize and rely upon ExxonMobil's EIX Marks as an indicator of origin.

15.    EXXON stations are among the most widespread and recognizable gasoline stations in the United States.  There are thousands of EXXON branded retail stations in the United States with billions of dollars in annual sales.  Many EXXON stations, including in this District, include fuel dispensers that prominently feature the EIX Marks, such as in the example below.



Over the years, ExxonMobil has invested great effort and resources promoting its EXXON stations in this District and elsewhere in the United States, and spent many millions of dollars advertising them.

16.    ExxonMobil, one of the world's largest companies, has been the subject of intense media attention, and many millions of consumers have viewed its EIX Marks in that context.

17.    ExxonMobil has invested many millions of dollars for more than four decades in advertising and promoting its EIX Marks and the goods and services sold under those marks, with the result that the purchasing public in this District and elsewhere in the United States has come to know, rely upon, and recognize the goods and services of ExxonMobil by those marks.

ExxonMobil has established valuable goodwill in its EIX Marks. ExxonMobil's EIX Marks have become well known to members of the relevant consumer groups.

18.     Through ExxonMobil's extensive use and promotion of its EIX Marks, these marks have become famous and consumers in this District and elsewhere in the United States have come to recognize the marks as such, and to associate the marks uniquely with ExxonMobil and its goods and services.

19.     In addition to its extensive common-law rights, ExxonMobil owns numerous federal trademark registrations for its EIX Marks, including by way of example only U.S. Reg. No. 968,512 for the Exxon Emblem, U.S. Reg. No. 3,736,429 for the mark EXXON (Stylized), U.S. Reg. No. 2,305,494 for the Interlocking X Device, and U.S. Reg. No. 2,791,743 for the ExxonMobil logo. Each of these registrations is valid, subsisting, and incontestable under 15 U.S.C. § 1065. Attached hereto as Exhibit A are copies of these registrations.

20.     ExxonMobil has actively policed and protected its EIX Marks, and has on numerous occasions taken action against others who used or attempted to register other marks incorporating a similar interlocking X design. Because of these actions, ExxonMobil's use of the interlocking X design featured in its EIX Marks has been substantially exclusive.

**II.     Defendants' Unauthorized Use of ExxonMobil's Trademarks**

21.     Defendants operate and promote numerous television networks, including the cable network known as FX.

22.     In September 2013, Defendants launched a new television network under the name and mark FXX. Defendants identify and promote the FXX network using a logo that consists of the letters FXX in an interlocking X design (the "FXX Logo"), shown below.



23.     Defendants promote the FXX network and FXX Logo through a variety of media outlets, including their television channels and a website at www.fxx.com. A copyright notice on the fxx.com website identifies Defendant FX Networks, LLC, as the owner of that content.

24.     Defendant Twentieth Century Fox Film Corporation filed federal applications with the United States Patent and Trademark Office, identifying itself as the owner of the FXX Logo and seeking to register the FXX Logo in International Classes 38 and 41 (Serial Nos. 85/883,185 and 85/883,187) ("FXX Logo Applications").  ExxonMobil has requested and been granted extensions of time to oppose the FXX Logo Applications.

25.     Defendant Twenty-First Century Fox, Inc. owns Defendants FX Networks, LLC and Twentieth Century Fox Film Corporation, and controls the promotion of the FXX network and use of the FXX Logo.

26.     Defendants have also used a standalone interlocking X design, featuring interlocking X's without a preceding "F," to promote its FXX Network, specifically including at least one trailer shown on the Defendants' FX Network, screenshots from which are shown below.

 

Defendants' interlocking X marks, including the FXX Logo and all other marks that contain an Interlocking X design and that are used by Defendants in connection with the FXX Network, are hereinafter referred to as the "FIX designs."

27.    Defendants use the FIX designs in commerce in this District and elsewhere in the United States.

28.    Defendants' unauthorized use of the FIX designs began after ExxonMobil's EIX Marks became famous.

29.    Defendants are not affiliated with or sponsored by ExxonMobil.  Defendants' prominent use of the FIX designs is without the permission, authority, or consent of ExxonMobil.

30.    Defendants' FXX network, its website at www.fxx.com, and its advertising promoting the FIX designs are readily accessible to residents of this District. Defendants' advertising targets current and potential cable television subscribers, including a substantial number of such subscribers in this District.

31.    ExxonMobil contacted representatives of Defendants expressing its concern over their use of the FIX designs and requesting that Defendants amend the FXX Logo to remove the interlocking X design. Defendants refused this request.

**III.   Effect of Defendants' Activities on ExxonMobil and the Consuming Public**

32.     Defendants' unauthorized use of the FIX designs is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties in this District and elsewhere in the United States as to some affiliation, connection, or association of Defendants' business with ExxonMobil, or as to the origin, sponsorship, or approval of Defendants' services by ExxonMobil.

33.     Defendants' unauthorized use of the FIX designs falsely indicates to the purchasing public that Defendants, their business, and their services are affiliated, connected, or associated with ExxonMobil, or are sponsored, endorsed, or approved by ExxonMobil, or are in some manner related to ExxonMobil or its goods or services.

34.     Defendants' unauthorized use of the FIX designs falsely designates the origin of Defendants' services, and falsely or misleadingly describes and represents facts with respect to Defendants and their services.

35.     Defendants' unauthorized use of the FIX designs is likely to cause dilution by blurring and dilution by tarnishment of ExxonMobil's famous EIX Marks in this District and elsewhere in the United States.

36.     Numerous internet postings show users exposed to the FXX Logo making an association with ExxonMobil or its EIX Marks, including without limitation the following:

   a)   A comment on NeoGAF.com by user "GungHo" copying the FXX logo from a previous post and asking "Were they inspired by the Exxon logo?" http://www.neogaf.com/forum/showthread.php?p=46566636

   b)   A follow-up comment, in the same thread on NeoGAF.com, in which user "haderadio" quotes the comment by "GungHo" and states "Damn it, I was going to say that."

8

c) A comment on AVclub.com by user "The Enchanted Goatee" stating "It looks like a misprinted Exxon logo." http://www.avclub.com/articles/upfront-roundup-all-cable-is-fx-and-fx-is-all-cabl,95741/

d) A comment on SatelliteGuys.us by user "bobvick" quoting from a previous post that said "The FXX one looks goofy" and stating "I agree, makes me think of the Exxon logo." http://www.satelliteguys.us/threads/302330-DirecTV-New-HD-channel-additions-and-rumors?p=3134342

e) A pair of comments on TV.com from user "JT_Kirk." The first states "That FXX logo has to go, that is awful on a plate. Also, Exxon is going to be pissed." http://www.tv.com/news/notes-from-fxs-upfront-new-awesome-sounding-shows-new-networks-a-fargo-miniseries-and-more-136448487159/. The second states "Also 'FXX' sounds stupid and its logo is an awful ripoff of the Exxon logo." http://www.tv.com/news/tvcoms-network-power-rankings-early-april-2013-big-renewals-keep-fx-and-cbs-at-the-top-136493080863/.

f) A comment on HeapersHangout.com from user "lee4hmz" stating "Just saw the FXX logo....who thought it was a good idea to rip off Exxon?" http://www.heapershangout.com/index.php?p=/discussion/1142/itt-we-discuss-logos/p7

Excerpted pages showing these statements are attached hereto as Exhibit B.

37.     Defendants' unauthorized use of the FIX designs enables Defendants to trade on and receive the benefit and goodwill built up at great labor and expense over many years by ExxonMobil, and to gain acceptance for Defendants' services and business not solely on Defendants' own merits, but on the reputation and goodwill of ExxonMobil and its marks, goods, and services.

38.     Defendants' unauthorized use of the FIX designs removes from ExxonMobil the ability to control the nature and quality of goods and services provided under its marks, and places the valuable reputation and goodwill of ExxonMobil in the hands of Defendants, over whom ExxonMobil has no control.

39.     As a result of Defendants' unauthorized use of the FIX designs, Defendants are being unjustly enriched at the expense of ExxonMobil and the public in this District and elsewhere in the United States.

40.     Unless these unfair and deceptive practices and acts of unfair competition by Defendants are restrained by this Court, they will continue, and will continue to cause irreparable injury to ExxonMobil and to the public in this District and elsewhere in the United States, for which there is no adequate remedy at law.

**IV.     Willful Nature of Defendants' Wrongful Acts**

41.     Defendants' acts of infringement, dilution, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of ExxonMobil's rights.  In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

<u>**COUNT I:  INFRINGEMENT OF REGISTERED MARKS**</u>

42.     ExxonMobil repeats the above allegations as if fully set forth herein.

43.     The acts of Defendants complained of herein constitute infringement of ExxonMobil's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     ExxonMobil has been damaged by Defendants' acts of federal trademark infringement.

45.     Defendants' infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

## COUNT II:  VIOLATION OF LANHAM ACT SECTION 43(a)

46.     ExxonMobil repeats the above allegations as if fully set forth herein.

47.     The acts of Defendants complained of herein constitute trademark infringement, false designations of origin, false or misleading descriptions or representations of fact and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     ExxonMobil has been damaged by Defendants' acts of trademark infringement, false designations of origin, false or misleading descriptions or representations of fact and unfair competition.

49.     Defendants' acts of trademark infringement, false designations of origin, false or misleading descriptions or representations of fact and unfair competition have been and are willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

## COUNT III:  FEDERAL TRADEMARK DILUTION

50.     ExxonMobil repeats the above allegations as if fully set forth herein.

51.     The acts of Defendants complained of herein constitute dilution by blurring and dilution by tarnishment of ExxonMobil's famous EIX Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52.     Defendants willfully intend to trade on the recognition of the famous EIX Marks and to harm the reputation of the famous EIX Marks.

53.     ExxonMobil has been damaged by Defendants' acts of federal trademark dilution.

## COUNT IV:  COMMON LAW UNFAIR COMPETITION

54.     ExxonMobil repeats the above allegations as if fully set forth herein.

55.    The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of the State of Texas.

56.    ExxonMobil has been damaged by Defendants' acts of common law unfair competition.

## COUNT V:  DILUTION UNDER TEXAS LAW

57.    ExxonMobil repeats the allegations above as if fully set forth herein.

58.    The acts of Defendants complained of herein constitute dilution of the EIX Marks in violation of Texas Business and Commerce Code § 16.103.

59.    ExxonMobil has been damaged by Defendants' acts of state trademark dilution.

## COUNT VI:  UNJUST ENRICHMENT

60.    ExxonMobil repeats the above allegations as if fully set forth herein.

61.    The acts of Defendants complained of herein constitute unjust enrichment of Defendants at ExxonMobil's expense.

62.    ExxonMobil has been damaged by Defendants' acts of unjust enrichment.

## COUNT VII:  REFUSAL OF REGISTRATION

63.    ExxonMobil repeats the allegations above as if fully set forth herein.

64.    This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant Twentieth Century Fox Film Corporation's right to registration of the FXX Logo.

65.    Defendants' FXX Logo, the subject of Application Serial Nos. 85/883,185 and 85/883,187, so resembles the EIX Marks as to be likely to cause confusion, or to cause mistake, or to deceive.  Registration should therefore be refused under 15 U.S.C. § 1052(d).

66.     Defendants' FXX Logo is likely to cause dilution by blurring or dilution by tarnishment of ExxonMobil's famous EIX Marks, individually and collectively, and registration should be refused under 15 U.S.C. § 1125(c).

67.     ExxonMobil petitions the Court to order the PTO to refuse registration of the applications for Defendants' FXX Logo, Serial Nos. 85/883,185 and 85/883,187, pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## PRAYER

WHEREFORE, ExxonMobil prays that:

a)     Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the FIX designs, including any element thereof, and any other mark confusingly similar thereto;

b)     Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to immediately remove or otherwise eliminate all elements and instances of the FIX designs that appear in any media source on Defendants' television programming, advertising, and promotional materials, including all of Defendants' websites;

c)     Defendants be ordered to file with this Court and to serve upon ExxonMobil, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

d)      ExxonMobil recover all damages it has sustained as a result of Defendants' infringement, dilution, and unfair competition, and that said damages be trebled;

e)      An accounting be directed to determine Defendants' profits resulting from Defendants' wrongful activities, and that such profits be paid over to ExxonMobil, increased as the Court finds to be just under the circumstances of this case;

f)      The Court determine that Defendant Twentieth Century Fox Film Corporation is not entitled to registration of Defendants' FXX Logo, and certify an order pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201 refusing registration of applications Serial Nos. 85/883,185 and 85/883,187 to the PTO Director, who shall make appropriate entry upon the records of the PTO and shall be controlled thereby;

g)      ExxonMobil recover its reasonable and necessary attorney fees;

h)      ExxonMobil recover its costs of this action and prejudgment and post-judgment interest; and

i)      ExxonMobil recover such other relief as the Court may find appropriate.

## **JURY DEMAND**

Under Fed. R. Civ. P. 38(b), ExxonMobil demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

**BECK | REDDEN L.L.P.**


By:     /s/ David J. Beck
      David J. Beck
      Texas State Bar No. 00000070
      Federal I.D. No. 16605
    1221 McKinney, Suite 4500
    Houston, Texas 77010-2010
    Telephone:  (713) 951-3700
    Telecopier:  (713) 951-3720

**ATTORNEY IN CHARGE FOR
EXXON MOBIL CORPORATION**

**OF COUNSEL:**

Alex B. Roberts
Beck Redden LLP
Texas State Bar No.  24056216
Federal Bar No. 865757
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone:  (713) 951-3700
Telecopier:  (713) 951-3720

Louis T. Pirkey
Texas Bar No. 16033000
Federal Bar No. 391
Stephen P. Meleen
Texas Bar No. 00795776
Federal Bar No. 24154
Tyson D. Smith
Texas Bar No. 24079362
Federal Bar No. 2016979
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
Telephone:  (512) 322-5200
Facsimile:  (512) 322-5201