IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:13-cv-02906 |
| FX NETWORKS, LLC, TWENTIETH | § | |
| CENTURY FOX FILM | § | |
| CORPORATION, TWENTY-FIRST | § | |
| CENTURY FOX, INC., and FXX | § | |
| NETWORK, LLC, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS COUNT V OF PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

**KILPATRICK TOWNSEND & STOCKTON LLP**

Miles J. Alexander (*pro hac vice pending*)
  *malexander@kilpatricktownsend.com*
William H. Brewster (*pro hac vice pending*)
  *bbrewster@kilpatricktownsend.com*
R. Charles Henn Jr. (*pro hac vice pending*)
  *chenn@kilpatricktownsend.com*
Sabina A. Vayner (*pro hac vice pending*)
  *svayner@kilpatricktownsend.com*
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Larry McFarland (*pro hac vice pending*)
  *lmcfarland@kilpatricktownsend.com*
9720 Wilshire Boulevard PH
Beverly Hills, California  90212-2018
Telephone:  (310) 777-3750
Facsimile:  (310) 388-5917

**ANDREWS KURTH LLP**

James Edward Maloney
Texas Bar No. 12881500
(Fed. Bar No. 01419)
  *jamesmaloney@andrewskurth.com*
Paul L. Mitchell
Texas Bar No. 14217920
(Fed. Bar. No. 07495)
  *paulmitchell@andrewskurth.com*
Brian C. Pidcock
Texas Bar No. 24074895
(Fed. Bar No. 1654553)
  *brianpidcock@andrewskurth.com*
600 Travis, Suite 4200
Houston, Texas  77002
Telephone:  (713) 220-3995
Facsimile:  (713) 238-7246

*Attorneys for Defendants FX Networks, LLC, Twentieth Century Fox Film Corporation, Twenty-First Century Fox, Inc., and FXX Network, LLC*

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................1

II.   FACTS AND PROCEDURAL HISTORY ....................................................1

III.  ARGUMENT AND CITATION OF AUTHORITIES ...................................4

      A.    Rule 12(b)(6) Standard.............................................................4

      B.    Exxon Fails to State a Claim for Dilution Under Texas State Law ....................................................................................4

          1.    The Registration of the FXX Mark Is In Standard Character Form, and Therefore Covers Stylized Variations of the FXX Mark ...........................................4

          2.    Section 43(c)(6) of the Federal Lanham Act Bars Exxon's State Law Dilution Claim .............................................6

          3.    No Exceptions to the Statutory Bar Apply .................................9

IV.  CONCLUSION.............................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)............................................................................................4

*Cinel v. Connick,*
  15 F.3d 1338 (5th Cir. 1994) ...........................................................................2

*Citigroup Inc. v. Capital City Bank Grp., Inc.,*
  637 F.3d 1344 (Fed. Cir. 2011) .......................................................................5

*Coca Cola Co. v Gemini Rising, Inc.,*
  346 F. Supp. 1183 (E.D.N.Y. 1972) ..............................................................10

*Duluth News-Tribune v. Mesabi Publ'g Co.,*
  84 F.3d 1093 (8th Cir. 1996) ...........................................................................2

*Funk v. Stryker Corp.,*
  631 F.3d 777 (5th Cir. 2011) ...........................................................................2

*In re Data Packaging Corp.,*
  453 F.2d 1300 (C.C.P.A. 1972) .......................................................................5

*In re K-T Zoe Furniture,*
  16 F.3d 390 (Fed. Cir. 1994) ...........................................................................9

*In re Star Belly Stitcher, Inc.,*
  107 U.S.P.Q.2d 2059 (T.T.A.B. 2013) ............................................................5

*In re Strategic Partners, Inc.,*
  102 U.S.P.Q.2d 1397 (T.T.A.B. 2012) ............................................................5

*In re Watkins Glen Int'l, Inc.,*
  227 U.S.P.Q. 727 (T.T.A.B. 1985) ..................................................................9

*Kaempe v. Myers,*
  367 F.3d 958 (D.C. Cir. 2004)..........................................................................2

*Kopp v. Klein,*
  722 F.3d 327 (5th Cir. 2013) ...........................................................................4

HOU:3387181.1

*Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*,
  512 F.3d 137 (5th Cir. 2007) ...................................................................4

*Pharmacia Corp. v. Alcon Labs, Inc.*,
  201 F. Supp. 2d 335 (D.N.J. 2002)...........................................................6

*Westchester Media Co. LP v. PRL USA Holdings, Inc.*,
  103 F. Supp. 2d 935 (S.D. Tex. 1999), *aff'd in part, rev'd in part on
  other grounds*, 214 F.3d 658 (5th Cir. 2000)........................................6, 7

## STATUTES, RULES, AND REGULATIONS

15 U.S.C. § 1125(c)(6)..............................................................................1, 6

37 C.F.R. § 2.52(a)(1) ...................................................................................4

54 PA. CONS. STAT. ANN. § 1124 (West 2013)...........................................8

765 ILL. COMP. STAT. ANN. 1036/65 (2003) ...........................................7, 8

ALA. CODE § 8-12-17 (2010) .....................................................................7, 8

ALASKA STAT. §45.50.180 (Michie 2002) ....................................................7

ARIZ. REV. STAT. ANN. §44-1448.01 (West 2013) ......................................7

ARK. CODE ANN. § 4-71-213 (2002)............................................................7

CAL. BUS. & PROF. CODE § 14247 (West 2008) .........................................7

CONN. GEN. STAT. ANN § 35-11i(c) (West 2013).......................................7

DEL. CODE ANN. tit. 6, § 3313 (2002)........................................................7

Fed. R. Civ. P. 12(b)(6)...........................................................................1, 2, 4

Fed. R. Evid. 201 ..........................................................................................2

FLA. STAT. ANN. § 495.151 (West 2013)...................................................7, 8

GA. CODE ANN. § 10-1-451 (2003).............................................................7, 8

HAW. REV. STAT. ANN. § 482-32 (Michie 2003).........................................7

IDAHO CODE § 48-513 (Michie 2002)..........................................................7

iii

IN. CODE § 24-2-1-13.5 (West 2006) ...............................................................7

IOWA CODE ANN. § 548.113 (West 2003)........................................................7

KAN. STAT. ANN. § 81-214 (2002) ..................................................................7

LA. REV. STAT. ANN. § 51:223.1 (West 2003)................................................7

MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2013) ...................................7

ME. REV. STAT. ANN. tit. 10, § 1530 (West 2003)..........................................7

MINN. STAT. ANN. § 333.285 (West 2003) ......................................................7

MISS. CODE. ANN. § 75-25-25 (2009) ..........................................................7, 8

MO. ANN. STAT. § 417.061(1) (West 2002) .....................................................7

MONT. CODE ANN. § 30-13-334 (2003) ...........................................................7

NEB. REV. STAT. ANN. § 87-140 (Michie 2002) .............................................7

NEV. REV. STAT. § 600.435 (West 2007)......................................................7, 8

N.H. REV. STAT. ANN. § 350-A:12 (2003) ......................................................7

N.J. STAT. ANN. 56:3- 13.20 (WEST 2003).....................................................7

N.M. STAT. ANN. § 57-3B-15 (Michie 2002) ...................................................7

N.Y. GEN. BUS. LAW § 360-l (2003)............................................................7, 8

OR. REV. STAT. § 647.107 (2001) ....................................................................8

R.I. GEN. LAWS § 6-2-12 (1992) ......................................................................8

S.C. CODE ANN. § 39-15-1165 (2002) .............................................................8

TENN. CODE ANN. § 47-25-513 (2003) ............................................................8

TEX. BUS. & COM. CODE ANN. § 16.103 (Vernon 2012) .............................1, 8, 12

UT. CODE ANN. § 70-3a-403 (2002) ................................................................8

W. VA. CODE ANN. § 47-2-13 (Michie 2003) ..................................................8

iv

WASH. REV. CODE ANN. § 19.77.160 (2003)............................................................8

WYO. STAT. ANN. § 40-1-115 (Michie 2002) ...........................................................8

**LEGISLATIVE HISTORY**

H.R. REP. NO. 104-374 (1995), *as reprinted in* 1996 U.S.C.C.A.N. 1029................7

**OTHER AUTHORITIES**

J. Thomas McCarthy, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION
    (4th ed. 2013) ...................................................................................................6, 10

T.M.E.P. §§ 807.03-807.04.....................................................................................5

v

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants[1] submit this Motion to Dismiss Count V ("Dilution Under Texas Law") of the Amended Complaint filed by Plaintiff Exxon Mobil Corporation ("Exxon" or "Plaintiff") (Dkt. No. 15), and in support of that motion argue as follows:

## I.
## INTRODUCTION

FXX Network owns a federal trademark registration of the FXX trademark in "standard character" form.  It is black-letter law that a standard-character registration covers stylized variations of the mark.  Pursuant to Section 43(c)(6) of the federal Lanham Act, ownership of a federal registration is "a complete bar" to state law-based dilution claims.  *See* 15 U.S.C. § 1125(c)(6).  Thus, Count V of Exxon's Complaint, which purports to state a claim under the Texas state anti-dilution statute, TEX. BUS. & COM. CODE ANN. § 16.103, is barred, and should be dismissed as a matter of law.

## II.
## FACTS AND PROCEDURAL HISTORY

The FX cable network—launched nearly 20 years ago—reaches almost 100 million U.S. homes, offering original and syndicated programming.  To capitalize

---

[1] The named defendants, FX Networks, LLC, Twentieth Century Fox Film Corporation, Twenty-First Century Fox, Inc., and FXX Network, LLC, are referred to collectively as "FXX Network" or "Defendants."  The owner of the federal trademark registration and applications identified below is Twentieth Century Fox Film Corporation, which for simplicity also is referred to as "FXX Network" in this brief.

HOU:3387181.1

on the goodwill associated with the well-known FX name, two sister networks were introduced in 2013:  FXX and FXM.  Dkt. No. 15, ¶¶ 22-24.  The FXM channel focuses on movies, while the FXX channel focuses on comedy, action and sports programming.

On January 9, 2013, FXX Network filed a trademark application to register the FXX mark for "television transmission and broadcasting services" (the "FXX Mark").  This application covers the FXX Mark in standard character form (with no stylization, font or logo element).  *See* Declaration of Sabina A. Vayner ("Vayner Decl.") ¶ 2, Ex. A.[2]

The U.S. Patent and Trademark Office ("USPTO") reviewed the application for the FXX Mark and, after searching existing trademark registrations, concluded that the FXX Mark did not conflict with any previously-registered marks and

---

[2] It is well-settled that, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record" without converting the motion to dismiss into one for summary judgment.  *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 782-83 (5th Cir. 2011).  Records of the USPTO are public records and are therefore subject to judicial notice.  *See, e.g.*, *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) ("The documents recorded by the PTO . . . are public records subject to judicial notice on a motion to dismiss."); *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1096 n.2 (8th Cir. 1996) ("We take judicial notice of plaintiff's recent registration of the trademark 'Duluth News-Tribune.'").  FXX Network requests that the Court, pursuant to Federal Rule of Evidence 201, take judicial notice of the Exhibits to the Vayner Declaration, which are from the USPTO and Trademark Trial and Appeal Board ("TTAB") online databases.  Fed. R. Evid. 201.

otherwise was entitled to registration.  As a result, on April 17, 2013, the USPTO approved the FXX Mark for publication.  *See id.*

The USPTO published the FXX Mark for opposition on May 7, 2013; Exxon *took no action to oppose the application* within the statutorily-mandated period.  *See id*. ¶¶ 2-3, Exs. A-B.  FXX Network received a "Notice of Allowance," and thereafter filed a "Statement of Use" for the FXX Mark, which the USPTO accepted on November 7, 2013 (*see id.* ¶ 2, Ex. A), and a federal registration of the FXX Mark (Reg. No. 4449045) issued on December 10, 2013. *See id.* ¶ 4, Ex. C.

On October 2, 2013, Exxon—claiming expansive rights in a stylized, interlocking "XX" mark—filed a seven-count complaint against Defendants, alleging (1) federal trademark infringement; (2) federal unfair competition; (3) federal trademark dilution; (4) common law unfair competition; (5) state trademark dilution; and (6) unjust enrichment.[3]  *See* Dkt. No. 1.  Exxon thereafter filed a substantially identical Amended Complaint on December 12, 2013 (which added Defendant FXX Network, LLC as a party and updated the procedural posture of a proceeding before the TTAB, but made no other changes).  *See* Dkt. No. 15.

---

[3] Exxon also included a Count requesting that the Court block applications to register a stylized FXX.  *See* Dkt. No. 15, ¶¶ 64-68.  But Exxon's original and Amended Complaints do not challenge the registration of the FXX Mark in standard character form.

Because FXX Network owns a federal registration of the FXX Mark in standard character form, and this form covers all stylized variations of the FXX Mark, Exxon's Texas state law dilution claim is statutorily barred and should be dismissed.

### III.
### ARGUMENT AND CITATION OF AUTHORITIES

**A.**   **Rule 12(b)(6) Standard**

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.'"  *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  To survive such a motion, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'"  *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 555).

**B.**   **Exxon Fails to State a Claim for Dilution Under Texas State Law**

      **1.**   **The Registration of the FXX Mark Is In Standard Character Form, and Therefore Covers Stylized Variations of the FXX Mark**

Federal trademark registrations may be issued for either (1) a "standard character" mark, or (2) for a "special form" mark (reflecting font, style, color, etc.). *See* 37 C.F.R. § 2.52(a)(1) (for "standard character" mark applications, the

application must include "a statement that the mark is in standard characters and no claim is made to any particular font style, size, or color."); TMEP §§ 807.03-807.04.[4]   The registration of the FXX Mark is in standard character form.  *See* Vayner Decl. ¶ 4, Ex. C.

It is axiomatic that, "[i]f [a] registrant . . . obtains a standard character mark without claim to any particular font style, size or color, the registrant is entitled to depictions of the standard character mark regardless of font style, size, or color." *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1353 (Fed. Cir. 2011); *see In re Data Packaging Corp.*, 453 F.2d 1300, 1302 (C.C.P.A. 1972) ("It seems to be well established that a single registration of a word mark may cover all of its different appearances, potential as well as actual."); *In re Star Belly Stitcher, Inc.*, 107 U.S.P.Q.2d 2059, 2063 (T.T.A.B. 2013) ("Because applicant's proposed mark is presented in standard characters, . . . applicant is not limited to any particular depiction of the mark."); *In re Strategic Partners, Inc.*, 102 U.S.P.Q.2d 1397, 1399 (T.T.A.B. 2012) ("Applicant's registered mark in standard character form entitles it to depict the mark regardless of font style, size, or color.").

The federal registration of the FXX Mark in standard character form therefore necessarily encompasses all versions, including the stylized "FXX" that

---

[4]  As requested in Section 6 of Judge Hittner's Standing Order, copies of all cited authorities unavailable on Westlaw or Lexis are attached as **Exhibit 1** to this motion.

is the subject of Exxon's Texas state law dilution claim.  *See* Dkt. No. 15, ¶¶ 36-39, 58-60; *see also* 3 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 19:58 (4th ed. 2013) ("MCCARTHY") (agreeing with Federal Circuit and TTAB precedent, noting that "when a mark is presented in typed or standard character format, the mark must be considered as appearing in any format in which the mark could be depicted.").

## 2.   Section 43(c)(6) of the Federal Lanham Act Bars Exxon's State Law Dilution Claim

Pursuant to Section 43(c)(6) of the Lanham Act, ownership of a valid federal trademark registration on the Principal Register is "a complete bar" to state law-based dilution claims.  *See* 15 U.S.C. § 1125(c)(6); *see also Westchester Media Co. LP v. PRL USA Holdings, Inc.*, 103 F. Supp. 2d 935, 977 (S.D. Tex. 1999), *aff'd in part, rev'd in part on other grounds*, 214 F.3d 658 (5th Cir. 2000); *Pharmacia Corp. v. Alcon Labs, Inc.*, 201 F. Supp. 2d 335, 386 (D.N.J. 2002).

The only case within the Fifth Circuit containing substantive discussion of the statutory bar comes from this Court in *Westchester Media*.[5]  Because "the purpose of the federal statute appear[ed] clear" and it could not "ignore the plain language of the Act," the Court barred a Texas state-law dilution claim on the basis of a federal registration.  In so doing, the court explained:

---

[5] The statutory bar now in Section 43(c)(6) was contained in Section 43(c)(3) when *Westchester Media* was decided; the amendment occurred in 2006 pursuant to the Trademark Dilution Revision Act ("TDRA").

> If a party asserts a dilution claim against one who owns a federally registered mark, it must proceed under the federal dilution statute. Allowing state law dilution claims to proceed against owners of federally registered marks would interfere with federal law and discourage the federal registration of marks, contrary to the purpose of the Lanham Act.

*Westchester Media*, 103 F. Supp. 2d at 977; *see also id.* at 976.

By including Section 43(c)(6) in the TDRA, Congress sought to provide "a further incentive for the federal registration of marks," and to "protect registered marks . . . from interference by state, or territorial legislation." H.R. REP. NO. 104-374, at 3, 7 (1995), *as reprinted in* 1996 U.S.C.C.A.N. 1029, 1030, 1034.   The Section 43(c)(6) bar is particularly sensible in light of the very inconsistent standards of liability under state dilution law.   Nearly 40 states have dilution statutes, and they vary greatly.[6]   Some require that a trademark be "famous" to

---

[6] *See, e.g.*, Alabama, ALA. CODE § 8-12-17 (2010); Alaska, ALASKA STAT. §45.50.180 (Michie 2002); Arizona, ARIZ. REV. STAT. ANN. §44-1448.01 (West 2013); Arkansas, ARK. CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14247 (West 2008); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2013); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2013); Georgia, GA. CODE ANN. § 10-1-451 (2003); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2003); Idaho, IDAHO CODE § 48-513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2003); Indiana, IN. CODE § 24-2-1-13.5 (West 2006); Iowa, IOWA CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-214 (2002); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2013); Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002); Montana, MONT. CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2002); Nevada, NEV. REV. STAT. § 600.435 (West 2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Jersey, N.J. Stat. Ann. 56:3-13.20 (West 2003); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2002); New York,

qualify for protection; others do not.  *Compare* FLA. STAT. ANN. § 495.151 (West 2013) ("The owner of a mark that is famous in this state") and MISS. CODE. ANN. § 75-25-25 (2009) (same) *with* N.Y. GEN. BUS. LAW § 360-l (2003) (requiring only that mark be "distinctive") and GA. CODE ANN. § 10-1-451 (2003) (same).  Some require "actual dilution," and others require only a likelihood of dilution.  *Compare* 765 ILL. COMP. STAT. ANN. 1036/65 (2003) ("causes dilution") and WASH. REV. CODE ANN. § 19.77.160 (2003) (same) *with* ALA. CODE § 8-12-17 (2010) ("is likely to cause dilution of the famous mark").  Some states even allow damages in addition to injunctive relief upon a finding of willfulness.  *See, e.g.*, ALA. CODE § 8-12-17 (2010); NEV. REV. STAT. § 600.435 (West 2007); 54 PA. CONS. STAT. ANN. § 1124 (West 2013).

Section 43(c)(6) expressly forecloses a state law dilution claim against a defendant who owns a federal trademark registration; instead, a plaintiff is limited to federal or state trademark infringement or unfair competition claims, or a federal dilution claim.  While they ultimately will prove to be without merit, Exxon asserts

---

N.Y. GEN. BUS. LAW § 360-l (2003); Oregon, OR. REV. STAT. § 647.107 (2001); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2013); Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); South Carolina, S.C. CODE ANN. § 39-15-1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX. BUS. & COM. CODE ANN. § 16.103 (Vernon 2012); Utah, UT. CODE ANN. § 70-3a-403 (2002); Washington, WASH. REV. CODE ANN. § 19.77.160 (2003); West Virginia, W. VA. CODE ANN. § 47-2-13 (Michie 2003); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2002).

those claims in five other counts, and it should be limited to those as this case proceeds.

### 3.      No Exceptions to the Statutory Bar Apply

FXX Network has two pending applications to register the FXX Mark in "special form," namely the following "FXX Logo":



*See* Vayner Decl. ¶¶ 5-6, Exs. D-E.   Exxon has filed a consolidated proceeding with the Trademark Trial and Appeal Board to oppose these two applications, and its Amended Complaint requests that this Court prevent those registrations from issuing.   *See id.* ¶ 7, Ex. F.   However, the stylized FXX Logo applications are not relevant to this motion.   ***The registration of the standard character FXX Mark acts as a bar to a state law dilution claim for any stylized version of that mark.***

A "special form" registration, although more narrow than a "standard character" one, may be sought for various reasons, including (1) to make descriptive or ornamental matter registerable;[7] (2) to increase differentiation from a

---

[7] *In re K-T Zoe Furniture*, 16 F.3d 390, 394 (Fed. Cir. 1994) ("[T]he words and the stylized script of 'the sofa & chair company' [are] separable elements, and [] only the script design of the words was shown to have acquired secondary meaning."); *In re Watkins Glen Int'l, Inc.*, 227 U.S.P.Q. 727, 729 (T.T.A.B. 1985) ("While the design somewhat simulates a checkered flag which is a common symbol . . . , the design sought to be registered, in our view, is highly stylized and unique.").

9

third-party mark;[8] or (3) for additional protection against a mark with a confusingly similar script. By way of illustration of this last point, the oldest registrations owned by The Coca-Cola Company for "beverages and syrups" are the following:

COCA-COLA
Reg. No. 238145


Reg. No. 238146

Although the "standard character" registration encompasses the stylized form (so that Coca-Cola could, for example, use a "®" on the latter even if only the former was registered), Coca-Cola also registered the stylized version of its mark because it (rightly) anticipated something like the below, which does not use the words but instead trades on the stylization:



See *Coca Cola Co. v Gemini Rising, Inc.*, 346 F. Supp. 1183, 1190 (E.D.N.Y. 1972) ("high probability of confusion").

Here, ***Exxon expressly chose not to oppose (and does not now challenge) the standard character FXX Mark registration, and therefore its opposition to***

---

[8] 4 MCCARTHY § 23:33 ("It has been observed that as a generalization, highly stylized, highly contrasting letter design logos tend to fall on the no likelihood of confusion side of the line whereas rather clear portrayals of a letter tend to result in a finding of a likelihood of confusion.").

10

***the more narrow FXX Logo applications is of no moment for purposes of this***

***motion***.  Exxon's strategic decision not to oppose the standard character FXX

Mark should be no surprise, as Exxon previously admitted that:

> [m]any firms used two "X's" as part of their brand names:  connoting "Extra Strength" (deodorants), "Extra fine grade" (flour), "Extra Hard" (knives), "Extra Power" (explosives).  In fact two X's side by side are used so commonly to mean "Extra ____" as to be almost non-distinctive grade designations, certainly not entitled to a wide scope of protection.

Vayner Decl. ¶ 8, Ex. G (quoting Response to Office Action, at 4).  Indeed, Exxon

has a long history of coexistence with a plethora of standard character mark

registrations containing an "XX" element, including the following:



| | |
|---|---|
| T.J. MAXX (Reg. No. 1637243) | NEXXUS (Reg. No. 2444553) |
| CAP-XX (Reg. No. 2683994) | SPECTRA MAXX (Reg. No. 4166759) |

| | |
|---|---|
|  |  |
| DOS EQUIS XX (Reg. No. 1671837) | FERRARI FXX (Reg. No. 3204168) |

*See* Vayner Decl. ¶ 9, Ex. H.  In fact, more than fifty federal registrations exist

containing the "XX" letters in standard character form.  *See id*.

## IV.
## CONCLUSION

Exxon cannot state a claim under the Texas dilution statute because the

federal registration of the FXX Mark bars any state law dilution claim.  Dismissal

of Exxon's state law dilution claim not only is required, but will streamline the

litigation by obviating the need to conduct Texas-specific written discovery,

document production, surveys, and expert reports in addition to the other discovery

already required by the case.[9]  FXX Network respectfully requests that the Court

grant its motion to dismiss Count V of Exxon's Complaint.

---

[9] The Texas state law dilution statute, TEX. BUS. & COM. CODE ANN. § 16.103, includes
several factors for "determining whether a mark is famous," and most are tailored to
activity (e.g., sales, advertising, recognition, etc.) specific to "within the state." *See id.* §
16.103(b).

Respectfully submitted this 26th day of December, 2013,

*s/  James E. Maloney*

James Edward Maloney
Tex. Bar No. 12881500
(Fed. Bar No. 01419)
**ANDREWS KURTH LLP**
600 Travis, Suite 4200
Houston, Texas  77002
Telephone:  (713) 220-3995
Facsimile:  (713) 238-7246

*Attorney-in-charge for Defendants*

**OF COUNSEL:**

| | |
|---|---|
| Paul L. Mitchell | William H. Brewster (*pro hac vice pending*) |
| Tex. Bar No. 14217920 | Miles J. Alexander (*pro hac vice pending*) |
| (Fed. Bar. No. 07495) | R. Charles Henn Jr. (*pro hac vice pending*) |
| Brian C. Pidcock | Sabina A. Vayner (*pro hac vice pending*) |
| Tex. Bar No. 24074895 | **KILPATRICK TOWNSEND** |
| (Fed. Bar No. 1654553) | **& STOCKTON LLP** |
| **ANDREWS KURTH LLP** | 1100 Peachtree Street, Suite 2800 |
| 600 Travis, Suite 4200 | Atlanta, Georgia  30309-4528 |
| Houston, Texas  77002 | Telephone:  (404) 815-6500 |
| Telephone:  (713) 220-3995 | Facsimile:  (404) 815-6555 |
| Facsimile:  (713) 238-7246 | |

Larry McFarland (*pro hac vice pending*)
**KILPATRICK TOWNSEND**
**& STOCKTON LLP**
9720 Wilshire Boulevard PH
Beverly Hills, California  90212-2018
Telephone:  (310) 777-3750
Facsimile:  (310) 388-5917

*Attorneys for Defendants*

13

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing document was filed electronically using the CM/ECF system on December 26, 2013, which will automatically notify and effect service on the following attorneys of record, who are deemed to have consented to electronic service via the Court's CM/ECF system, per LR 5.3:

*s/ James E. Maloney*
James Edward Maloney,
Attorney for Defendants

14

HOU:3387181.1