IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-13-2906 |
| | § | |
| FX NETWORKS, LLC, | § | |
| TWENTIETH CENTURY FOX | § | |
| FILM CORPORATION, TWENTY- | § | |
| FIRST CENTURY FOX, INC., *and* | § | |
| FXX NETWORK, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss Count V of Plaintiff's Amended Complaint (Document No. 18). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be denied.

## I. BACKGROUND

This case involves a trademark dispute between Plaintiff Exxon Mobil Corporation and Defendants FX Networks, LLC, Twentieth Century Fox Film Corporation, Twenty-First Century Fox, Inc., and FXX Network, LLC ("Defendants"). Exxon is a publicly traded international oil and gas company that possesses federal trademark registrations for: (1) the mark "EXXON" in a design

form with an interlocking X design; (2) the interlocking X design as a stand-alone mark; and (3) the mark "ExxonMobil" in a design form with the interlocking X design (collectively, the "EIX Marks").

Defendants are in the business of operating and promoting television networks, including the cable network FX. In September 2013, Defendants launched a new television network under the name and mark "FXX." The FXX channel focuses on comedy, action, and sports programming. To promote the FXX channel, Defendants have used a logo consisting of the FXX mark with an interlocking X design, as well as the interlocking X design without a preceding "F" as a stand-alone mark. Defendants own standard character federal registrations for these marks (with no stylization, font, or logo element).[1] Exxon alleges that Defendants' use of these marks is unauthorized and in violation of Exxon's registration of the EIX Marks.

On October 2, 2013, Exxon commenced the present action in this Court, asserting seven claims: (1) infringement of registered marks; (2) violation of section 43(a) of the Lanham Act; (3) federal trademark dilution; (4) common law unfair competition; (5) dilution under Texas law; (6) unjust enrichment; and (7) refusal of

---

[1] Although the named Defendants are referred to collectively in this Order as "Defendants," the actual owner of these federal trademark registrations is Defendant Twentieth Century Fox Film Corporation. *Defendants' Rule 12(b)(6) Motion to Dismiss Count V of Plaintiff's Amended Complaint* at 1 n.1.

2

registration. Defendants have moved to dismiss Count 5 on the basis that their ownership of a federal registration of the FXX trademark in standard character form is a complete bar, under the Lanham Act, to state law dilution claims based on that mark. On May 19, 2014, the Court conducted a hearing on the record and in open court, at which the parties, through counsel, were provided the opportunity to further argue their positions. By this Order, the Court now considers Defendants' motion to dismiss.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.

2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

The issue before the Court is whether Defendants' ownership of a registration for the FXX mark in standard character form covers all unregistered stylized variations of those letters, such that Exxon's state law dilution claim is barred under section 43(c)(6) of the Lanham Act.

Federal trademark registrations may be issued for either a "standard character" mark or a "special form" mark. 37 C.F.R. § 2.52(a)–(b); TMEP §§ 807.03–.04. Unlike special form marks, standard character marks make no claim to any particular font style, color, or size of display. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1349 (Fed. Cir. 2011). However, "[i]f [a] registrant . . . obtains a standard character mark[,] . . . the registrant is entitled to depictions of the standard character mark regardless of font style, size, or

4

color . . . ." *Id.* at 1353. Pursuant to section 43(c)(6) of the Lanham Act, ownership of a "valid [trademark] registration" acts as a "complete bar" to an assertion of state law-based dilution claims "with respect to that mark." 15 U.S.C. § 1125(c)(6). This preemption provision is thus limited in its application by the term "that mark."

Defendants assert that their ownership of a federal registration of the FXX mark in standard character form covers all stylized variations of the FXX mark, and therefore, "that mark" with respect to section 43(c)(6) includes both standard character and special form variations of the FXX mark. Pointing to the plain language of the statute, Exxon argues that Defendants' interpretation of section 43(c)(6) is unprecedented and incorrect.

The parties agree that there is a paucity of judicial authority directly on point.[2] The Court therefore looks to the plain meaning of the statute, which must be controlling. *Tesfamichael v. Gonzales*, 411 F.3d 169, 173 (5th Cir. 2005) ("Absent certain exceptional circumstances, *e.g.*, an absurd result, we will not

---

[2] In *Westchester Media Co. v. PRL USA Holdings, Inc.*, one of the few cases applying section 43(c)(6), this Court did conclude that the defendant's state dilution counterclaim was barred due to the plaintiffs' federal registration of the same mark at issue—POLO. *Westchester Media Co. v. PRL USA Holdings, Inc.*, 103 F. Supp. 2d 935, 977 (S.D. Tex. 1999) (Milloy, Mag.). However, *Westchester Media* differs from the present case in that the plaintiffs' registration in *Westchester Media* was for the precise mark that was subject to the state dilution claim, whereas in this case the registered mark is a standard character registration and Defendants seek to extend the statutory bar to special form marks.

ignore the plain language of a statute."). Section 43(c)(6) is explicit that it preempts state dilution claims against a federally registered mark only "with respect to that mark." 15 U.S.C. § 1125(c)(6). The U.S. Patent and Trademark Office routinely accepts registrations for both word marks in standard character form and marks that are stylized variations of the same letters. 37 C.F.R. § 2.52(a)–(b); TMEP §§ 807.03–.04. As such, an applicant may apply for and receive a mark in standard character form or in a stylized form. Although it is true (and undisputed by Exxon) that registering a mark in standard character form entitles a registrant to support that registration by depicting the mark in any form regardless of font, style, size, or color, it does not follow that the Lanham Act's statutory bar also applies to such depictions.[3] A standard character mark provides different protections than a special form mark, and as acknowledged by Defendants, parties have numerous reasons for often seeking registration of marks under one format, but not the other. Based on the plain language of the statute, the Court therefore concludes that the phrase "that mark" does not encompass unregistered stylized variations of a registered standard character mark. Rather, it is a limiting phrase in reference to the specific mark that is the subject of the "valid registration"

---

[3] While Defendants are indisputably not restricted by the standard character registration of the FXX mark to any particular depictions of that mark, Defendants' actual rights in that mark are in the term itself, not any design or stylized form of that mark.

6

mentioned earlier in the same sentence of the statute. A contrary interpretation could lead to a result of owners of trademarks featuring letters or numbers in design form necessarily opposing any trademark applications that incorporate the letters or characters for which the trademark owners' design marks cover. Consequently, Exxon's state law dilution claim is not barred by the Lanham Act's preemption provision, and Defendants' motion to dismiss is denied.

## IV. CONCLUSION

Based on all of the foregoing, the Court hereby

**ORDERS** that Defendants' Rule 12(b)(6) Motion to Dismiss Count V of Plaintiff's Amended Complaint (Document No. 18) is **DENIED**.

SIGNED at Houston, Texas, on this 18 day of August, 2014.

DAVID HITTNER
United States District Judge