IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-13-2906 |
| FX NETWORKS, LLC, TWENTIETH CENTURY FOX FILM CORPORATION, TWENTY-FIRST CENTURY FOX, INC., *and* FXX NETWORK, LLC, | § § § § § § § | |
| Defendant. | § | |

ORDER

Pending before the Court is Exxon Mobil Corporation's Motion for Protection from Defendants' First Requests for Admission (Document No. 51). On August 14, 2014, the Court conducted a hearing and heard arguments from all parties related to Exxon's motion for protection. Having considered the arguments in open court of counsel, motion, submissions, and applicable law, the Court determines that the motion should be granted in part.

I. BACKGROUND

The background and procedural history of this case are well known to the parties and need not be restated in full here. In short, Plaintiff Exxon Mobil

Corporation has sued Defendants[1] for, inter alia, alleged trademark infringement and dilution related to Defendants' use of marks in commerce that Exxon asserts are in violation of their own federally registered trademarks.

Defendants, by their first requests for admission, have sought 1,504 requests for admission from Exxon related to 156 different third-party marks. Exxon objects to this purported discovery as oppressive and unduly burdensome and seeks a protective order from the Court stating that it is not required to answer Defendants' requests.

## II. LAW & ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) permits "[p]arties [to] obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). This general precept is tempered by Rule 26(c)(1), which provides that the Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c)(1). The burden is on the party seeking the protective order to demonstrate good cause, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory

---

[1] The defendants in this case are FX Networks, LLC, Twentieth Century Fox Film Corporation, Twenty-First Century Fox, Inc., and FXX Network, LLC (collectively, "Defendants").

2

statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam). "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014).

The Court determines that Exxon has established that the proposed requests for admission, in their current scope, are unduly burdensome.  While evidence of third-party marks can certainly be relevant in determining the strength of a mark, *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 259–60 (5th Cir. 1980), such marks must be similar to play a factor in establishing the strength of the mark at issue. *Quantum Fitness Corp. v. Quantum LifeStyle Ctrs., L.L.C.*, 83 F. Supp. 2d 810, 820 (S.D. Tex. 1999) (Rosenthal, J.).  Defendants in the present case seek discovery regarding 156 different third-party marks, many of which depict an "X design" that is noticeably different than that contained in Exxon's marks.  While the ultimate question of dilution and confusion in this case will be left to the fact finder, the Court can limit discovery in this situation to protect against the existing burdensome scope of the 1,504 requests.  Accordingly, Defendant's first requests for admission are stricken, and Plaintiff is not required to answer the requests contained therein.  Defendants are granted leave to file amended requests for admission not to exceed 400 individual requests.  Because this Order limits only

the aggregate number of requests for admission allowed, it is in Defendants' discretion which third-party marks to include as part of the amended requests.

### III. CONCLUSION

Based on all of the foregoing, the Court hereby

**ORDERS** that Exxon Mobil Corporation's Motion for Protection from Defendants' First Requests for Admission (Document No. 51) is **GRANTED** in part, as stated herein. Defendant's first requests for admission are hereby **STRICKEN**, and Plaintiff is not required to answer the requests contained therein. The Court further

**ORDERS** that Defendants are granted leave to file amended requests for admission not to exceed **400** individual requests.

SIGNED at Houston, Texas, on this __18__ day of August, 2014.

DAVID HITTNER
United States District Judge

4