IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-13-2906 |
| | § | |
| FX NETWORKS, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion for Summary Judgment on Plaintiff's Damages Claim and Memorandum in Support (Document No. 129). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.

## I. BACKGROUND

This is a trademark dispute brought under 15 U.S.C. § 1051 *et seq.* (the "Lanham Act") and Texas law. Plaintiff Exxon Mobil Corporation ("Exxon") is an international oil and gas company. Exxon holds the federal trademark registrations for the mark "EXXON" in which the X's are represented as an interlocking X design, the mark "ExxonMobil" with the interlocking X design, and the interlocking X design as a stand-alone mark (the "IXD mark") (collectively, the "EIX marks"). Defendants FX Networks, LLC, Twentieth Century Fox Film Corporation, Twenty-First Century Fox, Inc., and FXX Network, LLC

(collectively, "Defendants") are in the business of operating and promoting television networks, including the cable network FX. In September 2013, Defendants launched a new television network under the name and mark "FXX." To promote the FXX channel, Defendants have used a logo consisting of the FXX mark with an interlocking X design, as well as the interlocking X design without a preceding "F" as a stand-alone mark. Defendants own standard character federal registrations for these marks (with no stylization, font, or logo element). Exxon alleges that Defendants' use of these marks is unauthorized and in violation of Exxon's registration of the EIX marks.

On October 2, 2013, Exxon commenced the present action in this Court, asserting seven claims: (1) infringement of registered marks; (2) violation of section 43(a) of the Lanham Act; (3) federal trademark dilution; (4) common law unfair competition; (5) dilution under Texas law; (6) unjust enrichment; and (7) refusal of registration. Defendants now move for summary judgment on Exxon's claim for actual damages.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view the evidence in a light most favorable to the

nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine issue for trial. *See* FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The

nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kansas City S. R.R. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

### III. LAW & ANALYSIS

In trademark disputes brought pursuant to the Lanham Act, a plaintiff's monetary recovery may be measured in multiple ways. *See* 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:57 (4th ed. 2013). In this case, Exxon seeks monetary recovery in the form of actual damages sustained by Exxon or an accounting of Defendants' profits. Defendants move for summary judgment on two alternative methods for measuring Exxon's actual damages: (1) actual

4

damages that are proved by establishing a direct injury to Exxon and the causation of that harm, and (2) a hypothetical reasonable royalty rate that Exxon contends properly stands in as a "surrogate measure" of actual damages.[1]

A. *Direct Injury*

Defendants assert there is no evidence that Exxon has sustained any injury or harm caused by the FXX logo. Exxon's Rule 30(b)(6) witness regarding damages is Mark Jacobson ("Jacobson"), Exxon's Global Identity and Image Standards Advisor. During Jacobson's deposition, he stated he was not aware of any sales Exxon lost as a result of the FXX logo.[2] In addition, Jacobson could not point to any "harm or damage" Exxon has suffered as a result of the FXX logo.[3] Similarly, Abigail Rodgers, Exxon's Global Brand Manager and another Rule 30(b)(6) witness, testified Exxon could not identify loss of sales or other harm caused by the FXX mark.[4] Further, in response to Defendants' motion, Exxon concedes this point when it explains, "An inability to show actual damages,

---

[1] *Plaintiff Exxon Mobil Corporation's Response to Defendants' Motion for Summary Judgment on Plaintiff's Damages Claim,* Document No. 148 at 7.

[2] *Declaration of Sabina A. Vayner*, Document No. 134, Exhibit 8, at 263 (*Deposition of Mark Jacobson*) [hereinafter *Deposition of Mark Jacobson*].

[3] *Deposition of Mark Jacobson, supra* note 2, at 265.

[4] *Defendants' Motion for Summary Judgment on Plaintiff's Damages Claim and Memorandum in Support,* Document No. 129, Exhibit 7, at 247, 266–268 (*Deposition of Abigail Rodgers*).

5

however, does not preclude recovery under Section 1117 of the Lanham Act...A reasonable royalty can be used as a surrogate measure of actual damages."[5] Because there is no evidence Exxon has sustained a direct injury caused by the FXX mark, summary judgment is granted as to Exxon's actual damages based on a direct injury.

B.  *Reasonable Royalty*

Although the Fifth Circuit has not definitively outlined the circumstances in which the use of a reasonably royalty is permitted, it has recognized that a prior licensing relationship is not always required when it stated that "[t]he amount that a party hypothetically would have agreed to pay as a reasonable royalty for use of the mark is sometimes used as a measure of damages in trademark actions, especially those involving licensing relationships. *Brennan's Inc. v. Dickie Brennan & Co., Inc.*, 376 F.3d 356, 371 (5th Cir. 2004). Although the Fifth Circuit noted hypothetical reasonably royalties are used *especially* in cases involving licensing relationships, the court did not specify that reasonable royalties may *only* be used where such relationships exist. *See also Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*, No. 3:12-CV-0548-D, 2014 WL 642731, at *14 (N.D. Tex. Feb. 19, 2014) (Fitzwater, J.) (citing *Brennan's* for the proposition that a prior

---

[5] *Plaintiff Exxon Mobil Corporation's Response to Defendants' Motion for Summary Judgment on Plaintiff's Damages Claim*, Document No. 148 at 7.

6

licensing agreement is not a "prerequisite" to using the reasonable royalty method in trademark cases).

Defendants contend that the use of a reasonable royalty as a measure of actual damages is "uncommon in trademark cases and very rarely allowed absent a history of specific license agreements or negotiation" and that Exxon's use of a reasonable royalty in this case is "impermissibly speculative as a matter of law."[6] Defendants contend the real-world licenses upon which Exxon's expert relied are too dissimilar to the hypothetical license at issue, and Defendants point to Exxon's history of not licensing either the EIX marks to unrelated third parties or the IXD mark to anyone. However, Defendants do not challenge Exxon's expert's qualifications or methodology, and genuine disputes of material fact remain over the weight of the expert's underlying data. Because actual damages as measured by a hypothetical reasonable royalty are not prohibited, and because genuine disputes of material fact remain over Exxon's expert's conclusions, summary judgment is denied.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

---

[6] *Defendants' Reply in Support of Their Motion for Summary Judgment on Plaintiff's Damages Claim*, Document No. 171 at 6.

**ORDERS** that Defendants' Motion for Summary Judgment on Plaintiff's Damages Claim and Memorandum in Support (Document No. 129) is **GRANTED** as to Exxon's actual damages based on a direct injury and **DENIED** as to Exxon's reasonable royalty damages.

SIGNED at Houston, Texas, on this 26 day of August, 2015.

DAVID HITTNER
United States District Judge